NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DERRICK MIKE ALLEN,**

*Plaintiff-Appellant*

**v.**

**JOHN STEIN, Governor, ROBERT A. GUY, JR., OFC. of Executive Clemency, WAKE COUNTY DETENTION CENTER, E.A. RUSSO, Raleigh Police Officer, STATE OF NORTH CAROLINA, S. ALSTON, N. HAWKINS, Officer, WAKE COUNTY DETENTION CENTER MEDICAL DEPARTMENT, ANDERSON, Lt.,**

*Defendants-Appellees*

---

2025-1686

---

Appeal from the United States District Court for the District of Columbia in No. 1:25-cv-00751-UNA.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Derrick Mike Allen moves for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and submits his informal

opening and reply briefs but has not responded to the court's May 23, 2025 show cause order directing him to address our jurisdiction. Appellees also have not responded.

Mr. Allen filed a complaint asserting 42 U.S.C. § 1983 claims against state and local officials and entities in the United States District Court for the District of Columbia and moved to proceed IFP. On March 20, 2025, the district court ordered Mr. Allen to provide a certified copy of his prison trust account statement or to inform the court that he was no longer in custody. Mr. Allen then filed a notice of appeal directed to this court from "the Decision of [the] United States District Judge." ECF No. 1-2 at 3. His motion for IFP before the district court remains pending.

This appeal does not fall within the limited authority that Congress granted this court to review decisions of federal district courts. That jurisdiction extends only to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see id.* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," *id.* § 1346(a)(2), *see id.* § 1295(a)(2). While 28 U.S.C. § 1631 authorizes this court to transfer a case to another appropriate court, here such transfer would not be appropriate at least because Mr. Allen is seeking review of an order that is clearly interlocutory and not appealable to any court. *C.f. Roberts v. U.S. Dist. Ct. for N. Dist. of Cal.*, 339 U.S. 844, 845 (1950) (holding that *denial* of an IFP motion is an appealable order).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  ECF No. 2 is denied.

ALLEN v. STEIN                                                  3

(3)  The parties shall bear their own costs.

FOR THE COURT



August 12, 2025                    Jarrett B. Perlow
Date                                Clerk of Court